Day, J.
The subject matter of controversy in this case,is two lots, No. 30 and 31, in Weyer’s south addition to the town of Lafayette, in Allen county. The action is: 1. To reform several deeds of conveyance of said lots,by correcting a mistake in the description. 2. To procure of the court declaring a certain delinquent tax sale and an auditor’s deed made in pursuance thereof, invalid; and 3. For an order of partition of the said lots between the parties entitled in the proportions set out in the second amended petition. There is also a prayer .that the title of William Hall’s heirs, and all claiming under Hall, be quieted as against Jacob Kohler, as guardian of the Ruchti heirs, and the Ruchti heirs, who are named and made parties defendant to the action.
There is practically no dispute as to the facts. In the beginning of the transaction, title to lots 30 and 31, w,as in the Ruchti heirs,and Jacob Kohler was their guardian,duly qualified and acting. He filed a petition in the probate court of Allen county, properly describing the lots, and on proper grounds, asked an order to sell them. ■ An order of sale was duly made by that court, and in which the lots were ■ also correctly described. A sale 'was duly made, in pursuance of the order, to one John Monahan, reported to-the court, approved and a deed ordered and. made to’ the purchaser. Soon thereafter, Monahan sold and conveyed the lots to William Hall, who was put in possession, and *139 improved and occupied them until his death. In making the return of sale to Monahan, the guardian, through inadvertance and mistake, failed and omitted to correctly describe the lots, but left out the essential words: in Weyer’s south addition. The same error crept into the deed to Monahan, the purchaser, and also was carried into the deed from Monahan to Hall. Hall died testate. By the provisions of his will, an estate for life was vested in his widow, Clarinda Hall, with remainderr to his heir-at-law. Clarinda accepted the provisions of the will, and occupied the lots until her death in 1892. Prior to 1889, the life tenant failed to pay the taxes on said lots,and allowed them to become delinquent; and at a sale by the constituted authorities, on account of such delinquency, in 1889, she, herself, became purchaser, paid the taxes, penalty and interest then due, and received from the auditor, a (leed for said lots as such purchaser. Later she conveyed the lots to defendant, Jemmia Prosser, who now claims title by virtue of the tax sale and deed.
If the delinquent tax sale and deed was invalid to cast title,then all the parties defendant, except the Ruchti heirs, are interested in having the conveyances from Kohler, guardian, to Monahan, and from Monahan to William Hall, .reformed so as to convey the real estate intended; for, barring the claim of title through the delinquent tax sale and deed,all the parties, both plaintiff and defendant, except the Ruchti heirs, derive whatever of title or interest they may have from Wm. Hall, deceased; and a correction of the error in description contained in the deeds to Hall and his grantor, Monahan, would' seenx to be necessary to entitle them to the relief they seek, as against the Ruchti heirs.
Counsel for the Ruchti heirs seem to make the claim, that a reformation of the guardian’s deed cannot be made in this proceeding; that the said deed cannot be corrected, in the matter of description, without first correcting the guardian’s return of the sale; and that can only be. done in the *140 probate court, where the original proceeding was had. If this action was, alone, to correct the'record of the probate court in the matter of the return of the sale, and neither fraud or manifest mistake was made to appear, perhaps the claim would have to be allowed; but this is not an action so limited. It is very much broader than that, and includes subjects and matters touching, which there is a demand for relief that can' only be afforded in a court possessing and exercising general equity powers and jurisdiction — powers and jurisdiction not possessed or exercised by the probate courts of this state, as now constituted. The court of common pleas, and this court on appeal, has such power and jurisdiction in ample form;' and that this court, in this case', is fully authorized and empowered tocorrect mistakes,adjudicate the validity or invalidity of delinquent tax deeds, and make, or cause to be made, partition, of real estate between tenants in common, admits of no contention. This is clear, and we think it is equally clear, that ihe relief prayed for in the petition, — correction of the description in the Monahan-Hall deeds, — ought to be granted on the undisputed fact. It may be stated, as a general rule, that mistakes of whatsoever kind or nature, will, by courts possessing and exercising general equity powers and jurisdiction,be corrected'and relieved against, by a decree ordering the reformation of an instrument' or deed into which the error or mistake has crept, whether the transaction in which the mistake occurs, is between private persons or is a judicial proceeding, whenever it is clearly manifest that a mistake has been made ; that all parties concerned intended otherwise, and that the' probable effect of the mistake, will be an injury to one' of the parties interested, and its correction will be no wrong*"to either. The evidence is clear, and all to the purport and effect that a mistake was made by the guardian, onlyj iff the return of the sale, and in the-deed to Monahan, in the matter of description of the lots sold. With this *141 single exception, the entire proceeding and sale was regular and correct. It was a good faitfy proceeding, under the provisions of law, by a guardian to effect a sale of his ward’s property, for the benefit of the wa'rd. The wards had title to lots 30 and 31, in Weyer’s soüth addition to LaFayette; - and the prayer, which the court, granted, was for an order to sell these two lots, and nohé other. The two lots were correctly described in the petition, and in the advertisement; and with the understanding ’that they were correctly described,Monahan became the purchaser and paid the price agreed upon. He purchased, in good faith, lots 30 and 31, in' Weyer’s south addition to LaFayette. The court approved the sale and ordered that a proper deed be made to the purchaser for the lots so purchased^ which the guardian undertook to execute and deliver, and only failed because of an intervening mistake in writing the description, This we hold, both in law and equity, was sufficient and effectual to divest the Ruchti heirs of their -title and to vest it in Monahan; and such clearly was the intention of all the ■parties to the proceeding and sale in the probate court.
.The omission in the description .was a mutual mistake or over-sight by all the parties, that should of right be corrected. Not to correct it, would . prbbably entail loss on one •of’ the interested parties in the ’transaction; and to correct it, will do no wrong to the other-party, or to any person. The incomplete description, perpetrated by the guardian in the deed to Monahan, was inadvertently copied into the deed to Wm. Hall, under such, circumstances as to make a mutual mistake in the description in that instrument also, and requiring that a correction bfe’made in the interest of justice; and there may be entered' a decree reforming the 'deeds in accordance with the prayer of the petition.
In the event partition is to be-made, there is no controversy as to the portion® each party is entitled to receive. The proportions stated in the second amended petition, is *142 conceded to be correct, and partition, if ordered, will be in accordance[therewith.
If the proposition as to the rights of the Ruchti heirs is correctly¡.disposed of, the only other obstacle to a partition of]the¡lots 30 and 31,is the claim of title asserted by Jemima Prosser, in virtue of the delinquent tax sale and deed to the tenant for life, Olarinda Hall,widow of Wm. Hall,deceased, and [so] the only remaining question for consideration and decision, is, as to^the validity or invalidity of the auditor’s delinquent tax deed.
An auditor’s deed for lands, based on a sale made by that officer,on account of a delinquency of the owner in the payment of taxes, carries with it no presumption as to its validity and effectiveness in conveying title to the purchaser. Indeed,] it might, with utmost propriety, be said the presumption, if there is any raised, is against the validity of such conveyance. A party asserting the validity and claiming title under such an instrument, has the burden of showing the regularity and legality of the proceeding resulting in the sale[and conveyance, in every minute detail, from the valuation of the property for taxation to the last act in the drama, that of the sale. The least irregularity, or defect, is fatal and destroys the usefulness of the instrument as a means of casting title. If this statement is correct, it becomes very clear that the claim of tide through the delinquent tax sale and auditor’s deed to Olarinda Hall, in this case, has no solid basis upon which to rest; at least, such basis has not been made to appear by any competent evidence. Indeed, no effort at all was made to show the regularity or legality of the proceeding, and the claim was left to fall of its own weight
We might with entire propriety base our finding of tne invalidity of the tax deed upon this ground alone, and so 'decide the case; but our conclusion can as well be based upon another ground, equally as strong and incontrovert *143 ible. The owner of the two lots,- Wm, Hall, died testaté'. By the provision of his will, Clarinda Hall, his widow, became seized of an estate for life and in possession of the property in question. As such life tenant, it was incumbent on her to pay the current taxes, and her estate for life,under the law, became forfeit, in the event of a valid sale for nonpayment of taxes, or for waste. So it was her duty to pay the current taxes and keep the estate free from sale on account of non-payment of taxes, else it became forfeit in the interest of the reversioners; and in paying the taxes and penalty, although done in the guise and form of a purchaser at a delinquent sale, still she was only discharging a plain duty, and preserving her own interest by paying her taxes. Only this, and nothing more. She was not acquiring a new and independent title, but was only saving from forfeiture the estate she already had. She could not be allowed, as against the remainder-man, and for her own benefit,to avail herself of her own laches and wrong, to convert a limited estate for life into' an absolute estate in fee. So, from any point of view, we are unable to hold that the auditor’s deed to Mrs. Hall was.effectual to cast on her anjy added title or interest to the lots, but only to preserve, intacj:, the estate for life which came to her by the will of her deceased husband. *
Smith, Ridenour & Half hill, for Plaintiffs.
Prophet & Eastman, for Defendants,
There may be entered a decree in accordance with t¿e findings herein, and an order of partition may be issued, and made returnable to the common pleas court,, in the proportions stated in the second amended petition. .